**2018 UT App 102**

# THE UTAH COURT OF APPEALS

DESIGN ACADEMY INC.,
*Appellant,*
*v.*
NICOLE M. ALBISTON,
*Appellee.*

Opinion
No. 20170074-CA
Filed June 7, 2018

Third District Court, West Jordan Department
The Honorable Bruce C. Lubeck
No. 130415822

Michael R. Lofgran and Scott A. Trujillo, Attorneys
for Appellant

Nicole M. Albiston, Appellee Pro Se

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES KATE A. TOOMEY and DAVID N. MORTENSEN concurred.

ORME, Judge:

¶1 Appellant Design Academy Inc. appeals the district court's denial of its motion to suspend Appellee Nicole M. Albiston's driver license and vehicle registration for her failure to satisfy a judgment unrelated to owning or operating a motor vehicle. We affirm.

¶2 Albiston signed an agreement with Design Academy, promising that she would pay tuition and related fees, and in return, Design Academy would provide her with the 2,000 educational hours then required by the State of Utah to become a licensed cosmetologist. Less than six months later, Albiston withdrew from Design Academy. Shortly thereafter, Design Academy sent her a statement indicating what she owed under

the agreement. Albiston did not pay any part of the balance due, and Design Academy filed a complaint against her to collect it. Albiston failed to answer the complaint or make an appearance, and Design Academy obtained a default judgment from which Albiston did not appeal.[1]

¶3      Albiston did not make any payments on the judgment. Two years after entry of the judgment, Design Academy filed a motion in the district court, requesting that, under section 511 of the Financial Responsibility of Motor Vehicle Owners and Operators Act (the Act), Albiston's driver license and vehicle registration be suspended for failure to satisfy the judgment within 60 days. *See* Utah Code Ann. § 41-12a-511 (LexisNexis 2014). The district court denied the motion, explaining that to trigger the license and registration suspensions, the Act requires a judgment arising from the ownership, maintenance, or use of a motor vehicle and that the "suspension of a license on an unsatisfied judgment applies only to judgments obtained under [the Act]" and not to Design Academy's judgment premised on the breach of a cosmetology tuition contract. Design Academy appeals.

¶4      Design Academy contends that the district court erred in interpreting "judgment" as defined in subsection 103(2) of the Act. *See id.* § 41-12a-103(2). We review questions of statutory interpretation for correctness, giving no deference to the district court's legal conclusions. *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 12, 267 P.3d 863.

¶5      Section 511 of the Act permits the suspension of a judgment debtor's driver license and vehicle registration when he or she fails to satisfy a judgment within 60 days. Utah Code Ann. § 41-12a-511(1)–(2). The clerk of the court or the judge,

---

1. Albiston also failed to file a brief in this appeal later taken by Design Academy.

"upon the written request of the judgment creditor or his attorney," forwards a certified copy of the judgment to the Department of Public Safety "immediately after the expiration of the 60 days." *Id.* § 41-12a-511(1). Upon receiving a copy of the judgment, the Department of Public Safety "shall suspend the license and registration . . . of any person against whom the judgment was rendered." *Id.* § 41-12a-511(2). The Act defines a "judgment" as

> any judgment that is final by:
>
> (a) expiration without appeal of the time within which an appeal might have been perfected; or
>
> (b) final affirmation on appeal, rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action for damages:
>
>> (i) arising out of the ownership, maintenance, or use of any motor vehicle . . . .

*Id.* § 41-12a-103(2).

¶6    Design Academy contends that the Legislature's "use of the coordinating conjunction 'or'" at the end of subsection 2(a) "defines two mutually exclusive alternatives for when a judgment is final" under the Act and triggers the suspension penalty: "expiration without an appeal" and "final affirmation on appeal." Because these alternative definitions are exclusive of each other and, unlike with subsection 2(b), no restrictions follow subsection 2(a), Design Academy suggests that the Legislature "unambiguously demonstrates an intent" to include all causes of actions for judgments that become final without an appeal, while categorizing only judgments that become final by "affirmation on appeal" as needing to "aris[e] out of the

ownership, maintenance, or use of any motor vehicle." *See id.* § 41-12a-103(2)(b). To be sure, the punctuation and organization of subsection 2, read in the abstract and taken at face value, support Design Academy's position.

¶7     That said, when interpreting a statute, "our primary goal is to evince the true intent and purpose of the Legislature," and, to be sure, the best evidence of that typically "is the plain language of the statute itself." *Marion Energy*, 2011 UT 50, ¶ 14 (quotations simplified). But we will not adopt the plain meaning of a statute if doing so "works an absurd result." *Savage v. Utah Youth Village*, 2004 UT 102, ¶ 18, 104 P.3d 1242. The absurdity doctrine "recognizes that although 'the plain language interpretation of a statute enjoys a robust presumption in its favor, it is also true that [the Legislature] cannot, in every instance, be counted on to have said what it meant or to have meant what it said.'"[2] *In re Z.C.*, 2007 UT 54, ¶ 11, 165 P.3d 1206 (quoting *FBI v. Abramson*, 456 U.S. 615, 638 (1982) (O'Connor, J., dissenting)). And "we apply this canon to reform unambiguous statutory language where applying the plain language leads to results so overwhelmingly absurd no rational legislator could have intended them." *Utley v. Mill Man Steel, Inc.*, 2015 UT 75, ¶ 46, 357 P.3d 992 (Durrant, C.J., concurring).

¶8     We do not use this tool of statutory interpretation to usurp "legislative power through judicial second guessing of the wisdom of a legislative act"; instead, we seek to "preserve legislative intent." *In re Z.C.*, 2007 UT 54, ¶ 12. For that reason, we recognize that the absurdity doctrine "is strong medicine, not

---

2. This doctrine is not to be confused with the absurd consequences canon, a different interpretative tool that resolves ambiguities in a statute when the "statutory language lends itself to two alternative readings" by selecting "the reading that avoids absurd consequences." *Utley v. Mill Man Steel, Inc.*, 2015 UT 75, ¶ 46, 357 P.3d 992 (Durrant, C.J., concurring).

to be administered lightly," *Cox v. Laycock*, 2015 UT 20, ¶ 71, 345 P.3d 689 (Lee, J., concurring), and is not to be used to "substitute our preferences" for the Legislature's decisions, *id.* ¶ 72. "[T]o override the plain language under the absurdity doctrine, the operation of the plain language must be more than improvident, it must be so overwhelmingly absurd that no rational legislator could have intended the statute to operate in such a manner." *Utley*, 2015 UT 75, ¶ 48 (Durrant, C.J., concurring). And "[t]his standard is satisfied only if the legislature could not reasonably have intended the result." *Bagley v. Bagley*, 2016 UT 48, ¶ 28, 387 P.3d 1000.

¶9 Design Academy contends that the statute is unambiguous and plainly means just what Design Academy says it means. Reading the statute uncritically, Design Academy's position is sound. First, although the use of "or" runs the risk of creating an ambiguity in a statute, *see* Bryan A. Garner, *Garner's Dictionary of Legal Usage* 639 (3d ed. 2011), here the Legislature's use of "or" between subsections 2(a) and 2(b) is clearly exclusive for the reason that a judgment cannot become final without an appeal and also be affirmed on appeal. And second, the organizational scheme of section 103(2) clearly states that the requirement that a cause of action "aris[e] out of the ownership, maintenance, or use of any motor vehicle" is a qualifier of subsection 2(b) only—not a qualifier of both subsections 2(a) and 2(b). Because subsection 2(a) is exclusive of subsection 2(b), this qualifier would not be applicable to subsection 2(a), given the organizational scheme of section 103(2). As a result, a plain reading of the statute suggests that the holder of *any* judgment that becomes final without appeal has the right to seek suspension of the judgment debtor's driver license and vehicle registration.

¶10 Obviously, such an interpretation of "judgment" in light of the purpose of the Act and its relevant provisions results in an absurdity given that license and registration suspensions can result from final judgments that are affirmed on appeal only if

they arise out of motor vehicle ownership, maintenance, or usage, while judgments that become final without an appeal can arise from all manner of cases, including divorce, mechanic's lien foreclosure, collection, defamation, or eviction.

¶11   Viewed on its own terms, the statutory interpretation urged by Design Academy makes no sense. Why would the Legislature give more favored treatment to judgment debtors who appeal and lose than those who simply forgo an appeal? And why would the Legislature further burden a civil judgment debtor—who already will be dealing with appearances in supplemental proceedings, wage garnishments, and execution on personal and real property—with the added sanction of driver license and vehicle registration suspension (unless the judgment debtor had the foresight to appeal even if there were no good grounds for appeal, thereby avoiding this added sanction)? And if, as Design Academy contends, this loss of driving and vehicle privileges applies to all judgments that go unappealed, why is there no mention of this civil sanction in the statutory provisions dealing with judgments and appeals? Instead, the provision Design Academy relies on is found in the *Financial Responsibility of Motor Vehicle Owners and Operators Act*, and it seems absurd that the Legislature would vest unappealed civil judgments not related to the subject matter of the Act with the added burden of license and registration suspensions.

¶12   In sum, the punctuation of the statute is flawed, but the Legislature surely did not mean to enact a bizarre scheme that imposes license and registration suspension on those who appeal and lose *if and only if* the judgment is for damages "arising out of the ownership, maintenance, or use of any motor vehicle," Utah Code Ann. § 41-12a-103(2)(b)(i) (LexisNexis 2014), while imposing the same suspensions across the wide range of judgments, including those with no connection whatsoever to the "ownership, maintenance, or use of any motor vehicle," *see id.*, if the judgment becomes final without an appeal.

¶13    This, quite clearly, is what the Legislature meant and how the provision should be read:

> "Judgment" means any judgment that is final by:
>
> (a) expiration without appeal of the time within which an appeal might have been perfected, or
>
> (b) final affirmation on appeal, rendered by a court of competent jurisdiction of any state or of the United States,
>
> upon a cause of action for damages arising out of the ownership, maintenance, or use of any motor vehicle . . . .

We interpret the provision accordingly and uphold the district court's denial of Design Academy's motion to suspend Albiston's license and registration.

¶14    Affirmed.

───────────